**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

APR 0 8 2024

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

JOHN FRANK GIBSON, III                                   PLAINTIFF

v.                    No. 4:24-cv-312-BRW

BARTON & ROPER PLLC; WALTER WHIT          DEFENDANTS
BARTON; BENJAMIN PATRICK BARTON;
WRIGHT LINDSEY & JENNINGS LLP;     This case assigned to District Judge Wilson
PATRICK D. WILSON; and PATRICK     and to Magistrate Judge Ervin
COLLINS HICKMAN JR.

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff, John Frank Gibson III ("Gibson"), respectfully files this Complaint and
Demand for Jury Trial, complaining of Defendants, Barton & Roper PLLC ("B&R"),
Walter Whit Barton, Benjamin Patrick Barton, Wright Lindsey & Jennings LLP ("WLJ"),
Patrick D. Wilson ("Wilson"), and Patrick Collins Hickman Jr. ("Hickman"), and in
support thereof shows this honorable Court:

### I.  PARTIES

1.      At all relevant times, Plaintiff is, and has been, a citizen and resident of the
city of Fort Scott, Bourbon County, Kansas.

2.      At all relevant times, B&R is a for profit professional limited liability
company organized as a law firm under Arkansas law. B&R's principal business
location is 106 Oakland Avenue, Monticello, Arkansas 71655.

3.      At all relevant times, Walter Whit Barton ("Whit Barton") was licensed as
an attorney at law of the State of Arkansas, having been admitted on September 6, 1979,

and holding Bar Number 79010.

4.     At all relevant times, Whit Barton is, and has been, a citizen and resident of the city of Monticello, Drew County, Arkansas.

5.     At all relevant times, Benjamin Patrick Barton ("Ben Barton") was licensed as an attorney at law of the State of Arkansas, having been admitted on September 25, 2015, and holding Bar Number 2015215.

6.     At all relevant times, Ben Barton is, and has been, a citizen and resident of the city of Monticello, Drew County, Arkansas.

7.     At all relevant times, WLJ is a for profit limited liability partnership organized as a law firm under Arkansas law. WLJ's principal business location is 200 West Capitol Avenue, Suite 2300, Little Rock, Arkansas 72201.

8.     At all relevant times, Wilson was licensed as an attorney at law of the State of Arkansas, having been admitted on August 27, 1999, and holding Bar Number 99073.

9.     At all relevant times, Wilson is, and has been, a citizen and resident of the city of Little Rock, Pulaski County, Arkansas.

10.     At all relevant times, Hickman was licensed as an attorney at law of the State of Arkansas, having been admitted on September 14, 2020, and holding Bar Number 2020189.

11.     At all relevant times, Hickman is, and has been, a citizen and resident of the city of Little Rock, Pulaski County, Arkansas.

12.     B&R, Whit Barton, Ben Barton, WLJ, Wilson, and Hickman are collectively

referred to as herein as the "Attorney Defendants."

## II. JURISDICTION & VENUE.

13.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14.     Venue is appropriate in this federal district under 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendants regularly transact business within this federal judicial district and a majority of them reside in the State of Arkansas within the meaning of 28 U.S.C. § 1391(b) and (c).

## III. INTRODUCTION.

15.     Plaintiff, demanding a trial by jury, brings this action against the Defendants who individually and collectively conspired to use false, deceptive, and misleading practices, and other illegal and tortious practices, in connection with their attempts to collect an alleged debt from him.

16.     Plaintiff alleges the Attorney Defendants' collection practices violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

17.     The FDCPA regulates the behavior of collection agencies and attorneys who attempt to collect debts asserted to be owed or due another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined abusive debt collection practices contribute to personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt

collection practices by debt collectors, to ensure that those collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

18.   The FDCPA is a remedial, strict liability statute that should be liberally applied. *Picht v. Hawks*, 77 F.Supp.2d. 1041, 1043 (D. Minn. 1999), *aff'd* 236 F.3d 446 (8th Cir. 2001).

19.   The FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012) quoting *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (recognizing law firms may qualify as debt collectors for FDCPA purposes and lawyers do not get a "pass" merely because they hold a law license).

20.   In the Eighth Circuit, courts evaluating whether a communication is false, deceptive, or misleading, must consider the perspective of an "unsophisticated consumer." *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015) citing *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

21.   To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations concerning any services rendered or compensation which

may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §
1692e(2)(B); making false representations or implications that nonpayment of any debt
will result in the arrest or imprisonment of any person or the seizure, garnishment,
attachment, or sale of any property or wages of any person unless such action is lawful
and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4);
threatening to take any action that cannot legally be taken or that is not intended to be
taken, 15 U.S.C. § 1692e(5); making false representations or implications that the
consumer committed any crime or other conduct in order to disgrace the consumer, 15
U.S.C. § 1692e(7); and using any false representation or deceptive means to collect or
attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §
1692e(10).

22.    To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. §
1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect
any debt and names a non-exhaustive list of certain *per se* violations of unconscionable
and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

23.    Plaintiff seeks damages, attorney fees, costs, and all other equitable or
legal relief this Court deems appropriate under the FDCPA, and other common law or
statutory regimes.

## IV. FACTS.

24.    Sometime prior to June 19, 2019, Plaintiff allegedly incurred and defaulted
on an a financial obligation to his father in the form of two promissory notes for a
transaction involving property owned by his father ("Debt").

25.     The Debt arose out of a transaction in which the money, property, or services that are the subject of the transaction, were primarily for personal, family, and household purposes.

26.     Defendants contend the contend the alleged Debt is in default.

27.     The alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

28.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

29.     Plaintiff's father subsequently died and the Debt was placed with B&R, Whit Barton, and Ben Barton for collection.

30.     B&R attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

31.     A principal purpose of B&R is the collection of debts.

32.     B&R regularly engages in the collection of defaulted consumer debts owed to others.

33.     B&R regularly attempts to collect defaulted consumer debts owed to third parties by suing consumers in courts throughout the State of Arkansas.

34.     Whit Barton is a principal owner, officer, director, shareholder, and/or managing partner of B&R.

35.     Whit Barton attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

36.     Whit Barton regularly attempts to collect defaulted consumer debts owed to third parties by suing consumers in courts throughout the State of Arkansas.

37.     Whit Barton personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and profited from all the illegal policies and procedures used by himself and others complained of herein.

38.     Ben Barton is a principal owner, officer, director, shareholder, and/or managing partner of B&R.

39.     Ben Barton attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

40.     Ben Barton regularly attempts to collect defaulted consumer debts owed to third parties by suing consumers in courts throughout the State of Arkansas.

41.     Ben Barton personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and profited from all the illegal policies and procedures used by himself and others complained of herein.

42.     WLJ, Wilson, and Hickman were subsequently hired to collect the Debt.

43.     WLJ regularly attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

44.     A principal purpose of WLJ is the collection of debts.

45.     WLJ regularly engages in the collection of defaulted consumer debts owed to others.

46.     WLJ regularly attempts to collect defaulted consumer debts owed to third parties by suing consumers in courts throughout the State of Arkansas.

47.     Wilson is a principal director, shareholder, and/or partner of WLJ.

48.     Wilson attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

49.     Wilson regularly attempts to collect defaulted consumer debts owed to third parties by suing consumers in courts throughout the State of Arkansas.

50.     Wilson personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and profited from all the illegal policies and procedures used by himself and others complained of herein.

51.     Hickman attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

52.     Hickman regularly attempts to collect defaulted consumer debts owed to third parties by suing consumers in courts throughout the State of Arkansas.

53.     Hickman personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and

profited from all the illegal policies and procedures used by himself and others complained of herein.

54.     The Defendants sued Plaintiff to collect the alleged Debt without having a lawful basis to do so—including, but not limiited to, their failure to verify the Debt.

55.     The Defendants' lawsuit contains false, deceptive, and misleading statements.

56.     The Defendants' lawsuit was an unfair and unconscionable attempt to collect the alleged Debt.

57.     A true copy of Defendants' lawsuit is attached as *Exhibit A*.

58.     The Defendants' regularly communicated with third-parties about the alleged Debt in violation of 15 U.S.C. §1692c.

59.     Plaintiff has suffered actual damages as a result of Defendants' conduct.

### V.     COUNT ONE: FDCPA VIOLATION
### (ONLY AGAINST ATTORNEY DEFENDANTS)

60.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

61.     Each of the Attorney Defendants are individually and collectively a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

63.     Plaintiff is a "consumer" as defined by 15 U.S.C. 1692a(3).

64.     Defendants' lawsuit to collect the Debt violated the FDCPA in one or more of the following ways:

(a)   Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

(b)   Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

(c)   Making false, deceptive, and misleading representations that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person when such action is unlawful and the debt collector never intended to take such action in violation of 15 U.S.C. § 1692e(4);

(d)   Making false, deceptive, and misleading in violation of 15 U.S.C. § 1692e(2)(A);

(e)   Making false, deceptive, and misleading threats to take any action that cannot be legally taken and that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

(f)   Using any false representative or deceptive means to collect or attempt to any debt in violation of 15 U.S.C. § 1692e(10);

(g)   Using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

(h)   Using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692g and 1692g(b).

65.   Attorney Defendants are additionally liable for making false statements to the underlying court and making misrepresentations that were not only false but

designed to cause further economic injury to Plaintiff to the individual and collective benefit of Defendants.

## VI. PRAYER.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants, each be cited to appear and answer herein, and that upon a final hearing of the cause a judgment be entered jointly and severally against the Defendants, and in Plaintiff's favor, as follows:

A.   *With respect to Count One*:

(i)    Awarding Plaintiff actual damages under 15 U.S.C. § 1692k(a)(1);

(ii)   Awarding Plaintiff damages under 15 U.S.C. § 1692k(a)(2)(B);

(iii)  Adjudging this action is successful under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

(iv)  Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs under 15 U.S.C. § 1692k(a)(3) causes Plaintiff a negative tax consequence, a sum sufficient to ameliorate such consequences; and

(v)   Ordering such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 8, 2024

Andrew T. Thomasson (NJ Bar No. 048362011)
THOMASSON PLLC
350 Springfield Avenue, Suite 200
Summit, New Jersey 07901
Telephone: (973) 665-2056
Email: Andrew@Thomassonpllc.com

Dated: April 8, 2024

Donald S. Maurice, Jr. (NJ Bar No. 05881988)
MAURICE WUTSCHER LLP
5 Walter E. Foran Blvd., Suite 2007
Flemington, New Jersey 08822
Telephone: (908) 237-4550
Email: DMaurice@MauriceWutscher.com

*Attorneys for Plaintiff, John Frank Gibson III*