**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JOHN FRANK GIBSON, III**                                                        **PLAINTIFF**

**v.**                                          **CASE NO.: 4:24-CV-312-BRW**

**BARTON & ROPER, PLLC; WALTER WHIT**
**BARTON; BENJAMIN PATRICK BARTON;**
**WRIGHT LINDSEY & JENNINGS, LLP;**
**PATRICK D. WILSON; and PATRICK**
**COLLINS HICKMAN, JR.**                                                         **DEFENDANTS**

## DEFENDANTS BARTON & ROPER, PLLC'S AND WALTER WHIT BARTON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The separate defendants Barton & Roper, PLLC and Walter Whit Barton (collectively, "Defendants") submit this memorandum in support of their Motion to Dismiss.

### I.   *Introduction*

On April 8, 2024, Plaintiff John Frank Gibson, III ("Plaintiff") filed his Complaint and Demand for Jury Trial (the "Complaint") to initiate this case. In the Complaint, Plaintiff seeks damages for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692. Plaintiff's claims are based on a lawsuit Defendants filed against Plaintiff on April 6, 2023. A copy of the lawsuit is attached hereto as **Exhibit "A"** and is incorporated by reference herein.[1] Defendants filed the underlying lawsuit, on behalf of their client, to assert breach of contract claims based on Plaintiff's failure to fulfill obligations under two promissory notes from Plaintiff to his father, now deceased.[2]

---

[1] Attachment of this pleading does not convert the motion into a motion for summary judgment. *Enervations, Inc. v. 3M*, 380 F.3d 1066 (8th Cir. 2004) (documents "necessarily embraced by the complaint" are not matters outside the pleading").

[2] Defendants acknowledge Fed. R. Civ. P. 10 is not the same as Ark. R. Civ. P. 10(d), which requires a party to attach a writing on which a claim is based. *Cf. Roper v. Portfolio Recovery Assocs., LLC*, No. 4:14-CV-00729-SWW, 2015 U.S. Dist. LEXIS 135579, at *14-15 (E.D. Ark. Oct. 5, 2015). However, the failure to attach documents on which a claim is based, when coupled with the lack of specific allegations regarding

The FDCPA has a one-year statute of limitations. As Plaintiff's claim is based on the filing of the underlying lawsuit, the claim is time barred. Further, despite the length of the Complaint, the factual allegations are sparse. The Complaint is full of conclusory allegations, which generally leave Defendants to guess as to what conduct is alleged to have violated the FDCPA. However, what is apparent is that the Plaintiff has failed to state any claim upon which relief can be granted. Finally, Plaintiff fails to set forth any injury-in-fact to establish he has standing to pursue these claims against Defendants. For these reasons, as more specifically described below, the Complaint should be dismissed.

## II.  <u>Argument</u>

### A.  *The Complaint should be dismissed because the claims set forth therein are barred by the FDCPA's statute of limitations.*

Pursuant to 15 U.S.C.A. § 1692k(d) "An action to enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs." This period is "triggered when the debt collector had 'its last opportunity to comply with the FDCPA.'" *Beavers v. Midland Funding, LLC*, No. 4:16-CV-00886-SWW, 2017 WL 2568918, at *1 (E.D. Ark. June 13, 2017) (citing *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992). Plaintiff makes no allegation of a FDCPA violation within one year of the filing of this Complaint.

---

a particular defendant, is a factor in determining whether Plaintiff stated a claim upon which relief can be granted. *See, e.g., Varela v. Gonzales*, 773 F.3d 704, 710 (5th Cir. 2014) (finding the allegations in the complaint, unaccompanied by any instrument under Rule 10, were insufficient to state a civil RICO claim); *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 758, 768-70 (E.D. Pa. 2012) (finding the allegations in the complaint, unaccompanied by the note at issue, did not state an FDCPA claim); *cf. Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[W]e have held that when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.").

The only allegations in the Complaint relate to the lawsuit filed by Defendants. Complaint at ¶¶ 54–57. The lawsuit was filed by Defendants on April 6, 2023, in the Circuit Court of Drew County, Arkansas. *See* Ex. A. Therefore, on the face of the Complaint, the last alleged violation of the FDCPA was on April 6, 2023. Plaintiff filed the Complaint herein on April 8, 2024. The deadline to file the complaint was April 5, 2024 (365 days from the date the complaint was filed). The statute of limitations in FDCPA cases based on an underlying debt collection lawsuit begin when the collection action is filed. *Beavers*, 2017 WL 2568918 at *3.

Defendants anticipate Plaintiff will argue the statute of limitations ran on a Saturday (April 6, 2024); therefore, he could file the Complaint on the following Monday pursuant to Rule 6 of the Federal Rules of Civil Procedure. However, Rule 6 is inapplicable in this circumstance. Therefore, the statute of limitations ran on Friday, April 5, 2024 (365 days from the alleged violation of the FDCPA), for any claim based on the lawsuit's filing on April 6, 2023.

In *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 262 (8th Cir. 1992), the plaintiff pursued claims pursuant to the FDCPA.  The plaintiff alleged the last violation occurred November 27, 1989. *Id*.  She filed her Complaint on November 27, 1990. *Id*.  The defendant moved for summary judgment because the Complaint was not filed within the statute of limitations.  *Id*. at 260. The district court granted summary judgment and held that the Complaint was untimely because the statute of limitations required the action to be brought within one calendar-year. *Id*. at 261. Thus, the court was without jurisdiction to hear the Complaint.

On appeal, Mattson argued that the district court should have applied Rule 6(a) of the Federal Rules of Civil Procedure, which excludes the day of the event that triggers a time period, to the one-year statute of limitation.  If Rule 6(a) would have applied to the statute of limitation, it would have extended the statute by one day; thus, her Complaint would have been filed timely.

*Id*. at 261.  Though Rule 6(a) typically excludes the day of the event that triggers a period, it does not apply to statutes of limitations because the court does not have jurisdiction over time periods, or extensions thereto, before a Complaint is filed. *Id*. at 262 (quoting FED. R. CIV. P. 82: "rules shall not be construed to extend or limit the jurisdiction of the United States district courts"). Therefore, the court did not have jurisdiction to consider the complaint or the argument that Rule 6(a) should extend the statute of limitations. *Id*. Thus, the Eighth Circuit affirmed the district court's order of dismissal for lack of jurisdiction.  *Id.* at 260.

The Eighth Circuit held that Rule 6(a) does not apply until the court has jurisdiction, which occurs after a complaint has been filed.  *Id*. at 262.  Further, it held that Rule 6(a) cannot be applied to determine whether jurisdiction exists.  *Id*.  To hold otherwise would extend the jurisdiction of the federal courts which is prohibited by Federal Rule of Civil Procedure 82:

> We note that "[s]tatutes of limitations are not simply technicalities; on the contrary, they have long been respected as fundamental to a well ordered judicial system." *Board of Regents v. Tomanio*, 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980).  We are not at liberty to disregard the jurisdictional limitations Congress has placed upon the federal courts, however appealing it might be to interpret section 1692k(d) in such a way as to permit Mattson's action to proceed. This result would extend the jurisdiction of the federal courts by one day; Rule 82 prohibits such a result.

*Id*. at 262.  Because the Rules of Civil Procedure do not apply until after a complaint is filed, the court had no jurisdiction, and Rule 6(a) cannot be applied to extend a statute of limitations that expired before the complaint was filed. *Id*.  Thus, the jurisdiction of the court cannot be extended in violation of Rule 82 by retroactively applying Rule 6 to a time which expired before the court had jurisdiction.  *Id*.

Similarly, here, Plaintiff's claim based on the filing of the lawsuit ran on April 5, 2024. Therefore, the Complaint should be dismissed as the claims set forth therein are time-barred.

4

*B.  The Complaint should be dismissed based on Plaintiff's failure to state a claim upon which relief can be granted.*

The Court's frequently recited standard of review for a Rule 12(b)(6) motion is:

> To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the [plaintiffs are] entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of the Complaint's factual allegations as true, and construe them in the light most favorable to the plaintiffs, drawing all reasonable inferences in the plaintiffs' favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

> However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' ... it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Id.*

*Jordan v. JPMorgan Chase Bank, N.A.*, No. 2:16-CV-2104, 2016 WL 11595548, *1 (W.D. Ark. Aug. 5, 2016).

Stated another way, the United States Supreme Court and the Eighth Circuit have moved away from a "no set of facts" standard of *McCormack v. Citibank, N.A.*, 979 F.2d 643, 646 (8thCir. 1992), which itself is a statement of the standard in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). That standard has been abrogated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63, 127 S. Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007). The plausibility standard of *Twombly*, as discussed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009), requires more:

Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1949-50.

Some courts have identified the following elements to state a claim under the FDCPA: (1) plaintiff has been the object of collection activity for a consumer debt; (2) the defendant is a debt collector, as defined by the FDPCA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Klein v. Stewart Zlimen & Jungers, Ltd.*, No. CV 18-658, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019); *Schlattmann v. Portfolio Recovery Assocs., LLC*, No. 4:16CV1183 SNLJ, 2018 WL 287772, at *2 (E.D. Mo. Jan. 4, 2018). Plaintiff has failed to set forth facts supporting any of these elements.

Plaintiff fails to confirm he is a consumer protected by the FDCPA. *See* 15 U.S.C. § 1692(e); *see also Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("The FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices."). Section 1692a(5) defines "debt" as used within the statute to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

*primarily for personal, family, or household purposes.*" 15 U.S.C. § 1692a(5). The only allegation contained in the Complaint related to the nature of the debt at issue is that the Plaintiff incurred a financial obligation to his father for a transaction involving property owned by his father. Complaint at ¶ 24. Tellingly, the Complaint goes on to generally recite the definition of "debt." Complaint at ¶ 25. In fact, the promissory notes, which are attached as exhibits to the complaint filed in the underlying lawsuit, confirm the loans were for the purchase of certain farm land. *See* Ex. A. Loans taken for agricultural purposes are not debts as defined by the FDCPA. *Munk v. Federal Land Bank of* Wichita, 791 F.2d 130, 132 (10th Cir. 1986). Plaintiff has not set forth any fact to support that he is a consumer or that the debt is a consumer debt.

Similarly, the Complaint generally asserts Defendants are "debt collectors." Complaint at ¶¶ 31–37. However, the allegations, yet again, simply recite the FDCPA's definitions. The same generally goes for the allegations regarding the acts allegedly prohibited by the FDCPA. Complaint at ¶¶ 54–59. When a complaint only recites definitions and summarily states parties are "debt collectors", courts have determined a defendant is entitled to dismissal. *See delaBruyere v. Anesthesia Bus. Consultants, LLC*, No. CV 9:14-2588-SB, 2014 WL 12856737, at *1 (D.S.C. Nov. 6, 2014) (collecting cases). The Complaint fails to allege facts sufficient to show Plaintiff is entitled to the relief requested therein; therefore, Defendants are entitled to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

> C. *Finally, in the alternative, the Complaint should be dismissed because Plaintiff failed to set forth a concrete injury-in-fact and lacks standing to pursue the FDCPA claim.*

Standing requires three elements. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S.Ct.

1540, 194 L.Ed.2d 635 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

> To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Id*. at 339, 136 S.Ct. 1540, *quoting Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (1992). "No concrete harm, no standing. Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion LLC v. Ramirez*, —— U.S. ——, 141 S. Ct. 2190, 2200, 210 L.Ed.2d 568 (2021), *citing Spokeo*, 578 U.S. at 340-41, 136 S.Ct. 1540.

*Bassett v. Credit Bureau Servs., Inc.*, 60 F.4th 1132, 1134–35 (8th Cir. 2023). A plaintiff cannot assert that he or she automatically satisfies this requirement only because a statute grants that person a right. *Id*. at 1135. In *Bassett v. Credit Bureau Services, Inc.*, the Eighth Circuit was clear that an alleged violation of the FDCPA, alone, does not provide standing for a plaintiff. *Id*. In the Complaint, Plaintiff only alleges he has suffered "actual damages" because of the alleged conduct. He fails to allege any cognizable injury; therefore, the Complaint should be dismissed without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See generally Crawford v. Law Offs. of Brett Borland*, 2024 U.S. Dist. LEXIS 5226, *10, 2024 WL 111649 (S.D. Ohio Jan. 10, 2024) ("In order for [a] complaint to allege jurisdiction adequately, it must contain *non-conclusory* facts which, if true, establish that the district court ha[s] jurisdiction over the dispute.").

### III.    <u>Conclusion</u>

For all the reasons set forth herein, Defendants Barton & Roper, PLLC and Walter Whit Barton respectfully request that this Court dismiss all of Plaintiff's claims against them, and that this Court grant such other relief to which they may show themselves entitled.

Dated:  July 22, 2024

Respectfully submitted,

Lindsey Emerson Raines (Ark. Bar No. 2016199)
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, Arkansas 72758
Telephone - (501) 376-2011
lraines@fridayfirm.com

*Attorneys for Defendants Barton & Roper PLLC and Walter Whit Barton*

# EXHIBIT A

Filed For Record
Drew County, AR
Beverly Burks, Circuit Clerk
By _B Burns_

**APR 0 6 2023**

AM 1/2/3/4/5/6/7/8/9/10/11/12PM

IN THE CIRCUIT COURT OF DREW COUNTY, ARKANSAS

THE ESTATE OF JOHN FRANK GIBSON, JR., DECEASED,
BY AND THROUGH ITS COURT APPOINTED EXECUTRIX,
JODY CUMMINS, JILL GIBSON, AND CAROLINE JONES                    PLAINTIFFS

VS.                              CASE NO. 22CV-23-64-4

JOHN FRANK GIBSON, III                                           DEFENDANT

## COMPLAINT

      Plaintiffs the Estate of John Frank Gibson, Jr., deceased, by and through its

court appointed executrix, Jody Cummins, Jill Gibson, and Caroline Jones, by

counsels Wright, Lindsey & Jennings LLP and Barton & Roper, PLLC, for their

cause of action against defendant John Frank Gibson, III, state:

### I. Parties, Jurisdiction, and Venue

    1.    Plaintiff the Estate of John Frank Gibson, Jr. ("Estate") is a decedent's

estate pending in the Circuit Court of Drew County, Arkansas, Probate Division, as

cause number 22PR-20-118-2. John Frank Gibson, Jr. died on or about November

22, 2020. The petition to admit will to probate and appoint personal representative

was filed on December 8, 2020.

    2.    Jody Cummins is an individual residing in Pulaski County, Arkansas.

She is an adult daughter of decedent John Frank Gibson, Jr. and a beneficiary of his

Estate. Pursuant to Court order dated September 6, 2022, Ms. Cummins is the

successor Executrix of the Estate.

    3.    Plaintiff Jill Gibson is an individual residing in Portland, Oregon.

1

2835886-v1

Plaintiff Gibson is an adult daughter of decedent John Frank Gibson, Jr. and a beneficiary of his Estate.

4.    Plaintiff Caroline Jones is an individual residing in Saline County, Arkansas.  Plaintiff Jones is an adult daughter of decedent John Frank Gibson, Jr. and a beneficiary of his Estate.

5.    Defendant John Frank Gibson, III ("defendant") is an individual believed to be residing in Drew County, Arkansas.  Defendant is an adult son of John Frank Gibson, Jr. and a beneficiary of his Estate.

6.    This is an action for breach of contract on two promissory notes. Defendant is indebted to the Estate on the two notes as provided for herein.

7.    This Court has jurisdiction over the parties hereto and the subject matter hereof.

8.    Venue is proper in this Court pursuant to Arkansas law, including but not limited to Ark. Code Ann. § 16-60-101.

## II. <u>Facts</u>

9.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

10.    At the time of his death, John Frank Gibson, Jr. was the holder of two promissory notes.  That being indebted, defendant was the maker and obligee of each of those two notes.  To evidence a loan he had received, defendant did make, execute, and deliver to John Frank Gibson, Jr. a promissory note, in the original principal amount of $832,000, dated May 18, 2018 ("First Note").  A true and correct copy of the First Note is attached hereto and incorporated herein as Exhibit "1."  The First

2

Note reflects that it is due "On Demand."

11.     Despite demand, defendant has failed to pay the debt evidenced by the First Note.  The entire indebtedness evidenced by the First Note is due and payable.

12.     Defendant has made no payments, nor is defendant entitled to any credits on the indebtedness evidenced by the First Note.

13.     As of March 21, 2023, there remains due and payable to the Estate from defendant on the First Note the principal sum of $832,000.

14.     To evidence a loan he had received, defendant did make, execute, and deliver to John Frank Gibson, Jr. a second promissory note, in the original principal amount of $10,000, that was also dated May 18, 2018 ("Second Note").  A true and correct copy of the Second Note is attached hereto and incorporated herein as "Exhibit "2."  The Second Note also reflects that it is due "On Demand."

15.     Despite demand, defendant has failed to pay the debt evidenced by the Second Note.  The entire indebtedness evidenced by the Second Note is due and payable.

16.     Defendant has made no payments, nor is defendant entitled to any credits on the indebtedness evidenced by the Second Note.

17.     As of March 21, 2023, there remains due and payable to the Estate from defendant on the Second Note the principal sum of $10,000.

18.     The terms and conditions of the First Note and the Second Note (the "Notes") provide that defendant waived "demand and presentation of this note for payment" and "protest and notice of non-payment . . ."

19.     The terms and conditions of the Notes further provide that upon default

3

and the placement of the Notes in the hands of an attorney for collection, defendant is indebted in the additional sum of an attorney's fee of 10% "of the amount then due hereon . . ."

20.     As Executrix of the Estate, Ms. Cummins is either the holder in due course of the Notes or is otherwise the individual entitled to enforce the Notes.

21.     A copy of the Last Will and Testament of John Frank Gibson, Jr. (the "Will"), as admitted to probate, is attached hereto and incorporated herein as Exhibit "3" as if set forth word for word.

22.     The terms and conditions of said Will make reference to the indebtedness evidenced by the Notes and specifically provide that said indebtedness is not forgiven but is an asset of the Estate.

23.     The Estate attempted to collect said indebtedness and made demand on defendant to pay the Notes by letter from the Estate's counsel dated June 29, 2022. That letter is attached hereto and incorporated herein as Exhibit "4." Defendant failed to pay the Notes as demanded.

24.     As beneficiaries of the Estate, plaintiffs Gibson and Jones have been damaged by defendant's failure to pay the Notes as demanded.

### III.  **Breach of Contract**

25.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

26.     Defendant is in default under the terms of both the First Note and the Second Note because he has failed to pay the amounts owed under those Notes when due.

4

2835886-v1

27.     Defendant's defaults on the two Notes constitute breaches of the terms of those Notes and thus breaches of contracts.  Those breaches of contracts have directly and proximately caused the Estate and other plaintiffs damages in the amount of the principal total of the Notes, which is $842,000.  The Estate and other plaintiffs have been damaged by defendant in that principal amount.

28.     In addition to the language in the Notes providing for attorneys' fees, because this is a lawsuit for breaches of contract, pursuant to Ark. Code Ann. § 16-22-308 plaintiffs are entitled to reasonable attorneys' fees incurred in connection with this lawsuit.

29.     Plaintiffs hereby demand a trial by jury.

WHEREFORE, plaintiffs the Estate of John Frank Gibson, Jr., deceased, by and through its court appointed executrix, Jody Cummins, Jill Gibson, and Caroline Jones pray for judgment against defendant for breach of contract in the principal sum of $842,000 and other damages established at trial, together with costs herein expended including reasonable attorneys' fees pursuant to the terms of the Notes and Arkansas law, for pre- and post-judgment interest at the maximum rates allowed by law, and for all further and lawful relief to which they are entitled.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: pwilson@wlj.com

By _____
        Patrick D. Wilson (#99073)

- *And –*

BARTON & ROPER, PLLC
P.O. Box 507
Monticello, Arkansas 71657
(870) 367-6288
FAX: (501) 376-9442
E-MAIL: wbarton@bartonandroper.com

By _____
    Whit Barton (#79010)

*Attorneys for Plaintiffs*

# EXHIBIT "1"

$832,000.00 ............... Monticello ......, Ark., May 18 ............... 2018

...... On Demand ............................................... after date, I, we, or either of us promise to pay to the order

of ...... John F. Gibson, Jr., ........................................... the sum of

Eight Hundred Thirty-Two Thousand and no/100 ................... DOLLARS

payable at ...... Monticello, Arkansas, with interest at the rate of ...... 5 ...... per cent per annum from

.........................................................................................................................

The sureties and endorsers of this note severally agree to and do hereby waive demand or presentation of this note for payment to the makers hereof, and waive pro-
test and notice of non-payment, do hereby grant any holder of this note the right to grant extensions without notifying them, or either of them, hereby ratifying such
extensions and remaining bound on this note as if no extensions had been obtained. If this note be not paid at maturity, whether by acceleration or otherwise, and
it be placed in the hands of an attorney for collection, the parties hereto agree to pay ten per cent (10%) of the amount then due hereon, as attorney's fees.

This note is given for Purchase price of half interest in

farm at Hudspeth, Arkansas

.........................................................................................................................

No........................................

........................................ P. O. ...... 1864 N. HYATT ST., Monticello, AV 71255

# EXHIBIT "2"

$10,000.00                    Monticello, Ark., May 18 2018

On Demand after date, I, we, or either of us promise to pay to the order

of John F. Gibson, Jr., the sum of

Ten Thousand and no/100 DOLLARS

payable at Monticello, Ark with interest at the rate of O per cent per annum from

The sureties and endorsers of this note severally agree to and do hereby waive demand or presentation of this note for payment to the makers hereof, and waive protest and notice of non-payment, do hereby grant any holder of this note the right to grant extensions without notifying them, or either of them, hereby ratifying such extensions and remaining bound on this note as if no extensions had been obtained. If this note be not paid at maturity, whether by acceleration or otherwise, and it be placed in the hands of an attorney for collection, the parties hereto agree to pay ten per cent (10%) of the amount then due hereon, as attorney's fees.

This note is given for Purchase of Clint Co. portion of

Island at Hudspeth, Ark.

No.                                        John G. D

                    P. O. 1864 N HYATT St., Monticello, Ar. 71655

**EXHIBIT "3"**

Page 1 of 6

*Prepared by :*
*John Ogles*
*Ogles Law Firm*
*P.O. Box 891*
*Jacksonville, AR 72076*

# LAST WILL AND TESTAMENT

## OF

## JOHN FRANK GIBSON, JR.

**KNOW ALL MEN BY THESE PRESENTS:**

That I, John Frank Gibson, Jr., of Dermott, Chicot County, Arkansas, being of sound and disposing mind and memory, and over the age of 18 years, do hereby make, publish and declare this to be my last will and testament, hereby revoking all wills and testaments heretofore made by me, to-wit:

1. I direct that all of my debts, including my last illness and funeral expenses, be paid as soon after my death as shall be practicable.

2. All estate, inheritance, succession and other death taxes which shall become payable by reason of my death, shall be paid out of my estate as an administration expense.

3. I own my office on Main Street in Dermott, Arkansas and my property at the Spillway with my wife Renee Treadwell, who inherits my interest by right of survivorship.

Date 10/22/2020                                    Initialed

**Last Will and Testament**
**of John Frank Gibson, Jr.**

in Page 2 of  6

4.      I own a one-half interest certain properties with Charles Sydney Gibson.

a.   I give, devise and bequeath my one-half interest in the Robertson place across from the Y (adjoining 65) to John Frank Gibson, III.   His siblings have right of first refusal if the property is to be sold.

b.   I, give, devise and bequeath my one-half interest in the Y (land between 65 and 165) to my daughters, Jody Cummins, Jill Gibson, Jamie Kirtley and Caroline Jones.

c.   I give, devise and bequeath my one-half ownership in the Juanita Gibson Heir Property to Jody Cummins, Jill Gibson, Jamie Kirtley, John Frank Gibson, III and Caroline Jones.

5.      I have made loans to my son John Frank Gibson, III.   Some of the loans have been memorialized, but not all.   There are notes from John Frank Gibson, III for $10,000 and $832,000.

I also loaned John Frank Gibson, III $17,600 to buy some land.   There was no written note, just a verbal agreement from John to pay me back.   John has made two payments for $8,000 total as partial payment but the last check for $4,000 has not cleared the bank.

I also borrowed $10,000 on my credit card to give to John Frank Gibson, III and he has not repaid this debt.   These debts are an asset of my estate.

I give, devise and bequeath the remainder of my estate to my children, Jody Cummins, Jill Gibson, Jamie Kirtley, John F. Gibson, III and Caroline Jones, to share and share alike. John Frank Gibson, III's share of my estate will be reduced by the debts he owes to me.

6.      I give, devise and bequeath any remaining property unidentified or left out of this

Date  10|22|2020                                                      Initialed

**Last Will and Testament**
**of John Frank Gibson, Jr.**

Page 3 of 6

Will to my wife, Renee Treadwell.

7.    I nominate and appoint Renee Treadwell to be Executrix of this, my last will and testament, hereby authorizing and empowering my said Executrix to compound, compromise, and settle and adjust all claims and demands which may be presented against my estate or which may be due to my estate; and to sell at private or public sale, lease or exchange, at such prices and upon such terms of credit or otherwise as she may deem best, the whole or any part of my real or personal property; and to execute, acknowledge and deliver deeds or other proper instruments of conveyance thereof to the purchaser or purchasers, all without license or leave of court.    In connection with the sale of any real estate, I authorize my Executrix to employ real estate brokers and to pay them standard commissions for their services.    I request that no bond be required of my said Executrix.

8.    In case any person interested in my estate shall contest this will, in part of in whole, and attempt to prevent the proof thereof, then I declare that such contest and such attempt shall cancel and terminate all provisions for or in favor of the person or persons making or inciting such contest, without regard to whether such contest shall succeed or not; and I hereby declare all and any provisions or provision herein in favor of the person or persons so making

Date 10/22/2020                                                      Initialed

**Last Will and Testament**
**of John Frank Gibson, Jr.**

Page 4 of  6

such contest, or attempting or inciting the same, to be revoked and of no force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _22d_ day of

_October_____, 2020.

_____
John Frank Gibson, Jr.

Signed, sealed, published and declared by John Frank Gibson, Jr. as and for his last will

and testament, in our presence and in the presence of each of us, and we at the same time, at his

request and in his presence and in the presence of each other, hereunto subscribe our names as

attesting witnesses this _22nd_ day of _____October_____, 2020.

WITNESS:                                        RESIDING AT:

_Nina Dangler_____        _582 Rebecca Circle_

                                                   _Monticello AR 71655_

Date _10/22/2020_                                              Initialed

**Last Will and Testament**
**of John Frank Gibson, Jr.**

Page 5 of 6

Kevin D Johnson _____   P.O. Box 726 _____

Monticello, AR 71657

Date 10/22/2020

Initialed

**EXHIBIT "4"**

# BARTON & ROPER
### A PROFESSIONAL LIMITED LIABILITY COMPANY
**(FORMERLY KNOWN AS WILLIAMSON, BALL & BIRD)**

WALTER W. BARTON
*wbarton@bartonandroper.com*

RICHARD L. ROPER
*rroper@bartonandroper.com*

BENJAMIN P. BARTON
*bbarton@bartonandroper.com*

P.O. BOX 507
106 OAKLAND AVE
MONTICELLO, AR 71657

P.O. BOX 1236
305 N. MYRTLE STREET DR.
WARREN, AR 71671

IN MONTICELLO:
TELEPHONE: (870) 367-6288
FACSIMILE: (870) 367-7851

IN WARREN:
TELEPHONE: (870) 466-4214
FACSIMILE:   (870) 466-7559

June 29, 2022

John F. Gibson, III
PO Box 559
Dermott, AR 71638

VIA US MAIL AND EMAIL

Mr. Gibson:

This is attempt to collect a debt.  To the extent that the Fair Debt Collection Practices Act is deemed to apply, any information obtained may be used for that purpose.

Acting on behalf of the Estate of John F. Gibson, Jr., demand is herewith made that you pay the sum of $842,000.00 within 30 days from the date of this letter.

Payment should be made payable to Estate of John F. Gibson, Jr., deceased and delivered to this office.

Should you fail to pay as demanded the estate will take action to enforce the collection of the debt.

Very truly yours,

Whit Barton

cc:  Renee Treadwell
     Jody Cummins
     Jill Gibson
     Jamie Kirtley
     Caroline Jones