IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN FRANK GIBSON, III                                                        PLAINTIFF

vs.                               Case No. 4:24-CV-312-BRW

BARTON & ROPER PLLC;
WALTER WHIT BARTON;
BENJAMIN PATRICK BARTON;
WRIGHT, LINDSEY & JENNINGS LLP;
PATRICK D. WILSON; and
PATRICK COLLINS HICKMAN, JR.                                           DEFENDANTS

**MEMORANDUM BRIEF IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**I.**
**Introduction**

All defendants represented Plaintiff's siblings, including as the executrix of his late father's estate, in a suit against Plaintiff to recover on notes he made to his late father. Rather than permit the underlying lawsuit to establish whether he owes the debt, Plaintiff has instead sued the defendants—the law firms and their individual lawyers—who filed the lawsuit against him, alleging they violated the Fair Debt Collection Practices Act ("FDCPA" or the "Act").

In support of his claim, Plaintiff pleads the parties' citizenships and roles. Beyond that, however, Plaintiff essentially recites three legal conclusions: (i) the defendants sued him in state court[1] violating numerous provisions of the Act, (ii) they made false statements to the circuit court, and (iii) they made

---

[1] The lawsuit was ultimately removed to this court. *See* Notice of Removal, Ex. A to Mot. to Dismiss.

misrepresentations that were false and designed to cause further economic injury to Plaintiff.

Among his legal conclusions is that the debt at issue is a "consumer debt." He conveniently ignores that he previously provide an affidavit filed in the underlying case confirming under oath that he incurred the debts to his father in connection with his restructuring of their family farm. It is thus clear that the debt is not a "consumer debt," so the FDCPA does not apply.

Even placing that issue aside, Plaintiff failed to allege any actual facts to support a viable claim.  While Plaintiff's Complaint recites a litany of legal conclusions and the elements of an FDCPA claim, his Complaint is devoid of any actual allegations of facts regarding the acts allegedly taken by Wright, Lindsey & Jennings LLP or its lawyers, Patrick D. Wilson and P. Collins Hickman, Jr. in violation of the FDCPA. Nor does he allege concrete injuries from the alleged acts of the defendants necessary to show standing. Plaintiff does not attach to the Complaint the allegedly offending lawsuit, which was later removed to this Court. This Court, like its sister courts, has rejected claims that doing what Defendants did—filing suit based on evidence of a debt—constitutes a false representation about the character or legal status of the debt, an unfair or an unconscionable action contrary to the FDCPA. His lawsuit thus should be dismissed with prejudice on this basis.

Even if the Court assumed plaintiff had stated a claim under the Act (he hasn't), the Complaint fails to attach the complaint from the underlying lawsuit,

probably because it was filed more than a year before Plaintiff initiated this lawsuit. As the Court is aware, the statute of limitations for FDCPA violations is one year. Under Eighth Circuit precedent, the statute is jurisdictional. Because the violation alleged is the filing of the lawsuit and making representations to the Court, and the underlying suit was filed more than one year before the Complaint was filed, Plaintiff's claims under the FDCPA are plainly time-barred.

Plaintiff has thus failed to state any plausible claim against Defendants and the Complaint should be dismissed with prejudice to its refiling as to defendants Wilson and Hickman, and their law firm, Wright, Lindsey & Jennings LLP.

## II.
## Standard

When evaluating the sufficiency of the Complaint, this Court must accept the allegations of fact in the Complaint as true and make all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Janson v. Katharyn B. Davis, LLC,* 806 F.3d 435, 437 (8th Cir. 2015). However, a pleading that offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court is not bound to accept labels or legal conclusions as true. *See Iqbal,* 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2009)). A complaint lumping all the defendants together and failing to allege who did what to whom generally fails to satisfy this standard. *See Tatone v. SunTrust Mortg., Inc.,* 857 F.Supp.2d 821, 831 (D. Minn. 2012). Rather, to survive a motion to dismiss, the complaint must contain "sufficient factual matter to state a plausible claim for relief." *Janson*, 806 F.3d at 437. If the

complaint fails to state a plausible claim, then it ought to be dismissed. FED. R. CIV. P. 12(b)(6).

### III.
### Arguments

**A.     The Act is inapplicable as Defendant has admitted, under oath, the debt is not a "consumer debt."**

In his Complaint, Plaintiff recites only legal conclusions regarding the nature of the debt, stating: "[t]he Debt arose out of a transaction in which the money, property, or services that are the subject of the transaction, were primarily for personal, family, and household purposes."  Compl. (Doc. 1), ¶ 25; *see also id.* at ¶¶ 27 ("The alleged Debt is a 'debt' as defined by 15 U.S.C. § 1692a(5)."), 28 ("Plaintiff is, at all times relevant to this lawsuit, a 'consumer' as that term is defined by 15 U.S.C. § 1692a(3).") He has to allege the debt is a "consumer debt" to have a claim, as the Court knows, the Act applies only where the debt is a "consumer debt."

The Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).  It also defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* at § 1692a(3).  These definitions, however, do not embrace the transaction between Plaintiff and his late father, which involved farmland. As a result, Plaintiff has not pled any facts to support that the "debt" is a "consumer debt" or that the Act applies to Attorneys

Wilson and Hickman, or their law firm, Wright, Lindsey & Jennings LLP. His only statements about the nature of the debt are legal conclusions, not entitled to any presumption of truth and not facts.

The subject of the transaction between Mr. Gibson and his father was detailed in an affidavit plaintiff filed in the underlying lawsuit. In his affidavit, he states under oath that the debt was related to his purchase of a farm, that the purchase price was calculated based on their estimated sale of the farm, and he made the notes to his father for the purchase price. Aff., Ex. B to Mot. to Dismiss, ¶¶ 3–8.

Debts for agricultural purposes are not incurred for "personal, family or household purposes." *Munk v. Federal Land Bank of Wichita,* 791 F.2d 130, 132 (10th Cir. 1986); *Fleet Nat'l. Bank v. Baker,* 263 F.Supp.2d 150, 154 (D. Mass. 2003) (noting FDCPA applies to consumer debt, not business loans). As such, the FDCPA does not apply.

By excepting agricultural debts, the FDCPA is consistent with other similar, consumer statutes. *See K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246, 1249 (8th Cir. 1984) (noting Truth in Lending Act, applies only to consumer credit, not loans for agricultural purposes, which are exempt under 15 U.S.C. § 1603(1)); *Dixon v. Toyota Motor Credit Corp.,* 794 F.3d 507, 509 (5th Cir. 2015) (noting Consumer Leasing Act, 15 U.S.C. § 1667(1), excepts leases made for agricultural, business, or commercial purposes); *Johnson v. Wells Fargo Home Mortg., Inc.,* 635 F.3d 401, 417 (9th Cir. 2011) (finding mortgages for rental

properties not occupied by the owner were made for business purposes, so the Real Estate Settlement Procedures Act did not apply).

Having failed to demonstrate the Act applies, the Complaint should be dismissed.

**B.     The Complaint fails to adequately allege facts to state a plausible claim.**

The Complaint fails to state a plausible claim against Wright, Lindsey & Jennings LLP or its lawyers, Patrick D. Wilson and P. Collins Hickman, Jr. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Haney v. Portfolio Recovery Assocs., L.L.C.,* 895 F.3d 974, 981 (8th Cir. 2016) (per curiam) (quoting *Iqbal,* 556 U.S. at 678, in turn citing *Twombly,* 550 U.S. at 556). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 677, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). A plaintiff must plead facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint may not merely leave open the possibility that a plaintiff might later establish some "set of undisclosed facts" to support recovery. *Id*. at 561 (citations omitted). The facts pleaded must instead nudge the claims "across the line from conceivable to plausible." *Id*. at 570.  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Significant to this action, a pleading that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Haney,* 895

F.3d at 981 (quoting *Iqbal,* 556 U.S. at 678). Because the Complaint is comprised mainly of legal conclusions or mere recitations of the elements of a FDCPA claim, it does not satisfy the pleading standard, and should be dismissed.

The Complaint alleges the citizenship of the parties and that the defendants are either defendants or law firms. Compl. (Doc. 1), ¶¶ 1-11. The Complaint then alleges that "[s]ometime prior to June 19, 2019, Plaintiff allegedly incurred and defaulted on a financial obligation to his father in the form of two promissory notes for a transaction involving property owned by his father ("Debt")." *Id.* at ¶ 24. He then alleges that "Plaintiff's father subsequently died and the Debt was placed with B&R, Whit Barton, and Ben Barton for collection." *Id.* at ¶ 29. Next, he alleges "WLJ, Wilson and Hickman were subsequently hired to collect the Debt." *Id.* at ¶ 42. He then asserts "[t]he Defendants sued Plaintiff to collect the alleged Debt without having a lawful basis to do so—including, but not limiited [sic] to, their failure to verify the Debt." *Id.* at ¶ 54. While he contends that "[a] true copy of Defendants' lawsuit is attached as Exhibit A," no document was attached to the Complaint filed of record or served on Defendants. *Id.* at ¶ 57.

The remainder of the Complaint is a laundry list of legal conclusions, the elements of an FDCPA claim, or a mixture of the two. Compl. (Doc. 1), ¶¶ 13–14, 15–23, 25–28, 30–41, 43–53, 55–59, 60–65. The presumption that the Court must accept the Complaint's allegations as true is inapplicable to these statements. *See, e.g., Iqbal,* 556 U.S. at 678. Nor does it apply to a legal conclusion couched as a factual allegation. *Id.* These sorts of recitations or conclusions fail to state a claim.

*Haney,* 895 F.3d at 981. Yet, Plaintiff's Complaint is virtually all legal conclusions. Compl. (Doc. 1), ¶¶ 13–14, 15–23, 25–28, 30–41, 43–53, 55–59, 60–65.

Plaintiff alleges that Defendants sued Plaintiff without having a lawful basis to do so. Compl. (Doc. 1), ¶ 54. Plaintiff, however, does not offer any facts as to why that is the case. Plaintiff alleges the lawsuit against him contains "false, deceptive, and misleading statements," but fails even state what those statements are, or how they were false, deceptive or misleading. *Id.*, ¶ 55. In fact, Plaintiff contends a copy of the complaint is attached, but it wasn't. *Id.*, ¶ 57. He then asserts that Defendants' suit was "an unfair and unconscionable attempt to collect the debt."

The Complaint lumps all six defendants together and makes allegations generally against the six. Courts have taken a dim view of the practice of "lumping," noting "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone,* 857 F.Supp.2d at 831 (citations omitted). The Complaint intentionally does this by defining all six defendants as the "Attorney Defendants." Compl. (Doc. 1), ¶ 12. Plaintiff then makes general allegations against all six. *Id.*, ¶¶ 54–59, 64–65. Plaintiff does not allege what each defendant did, but rather intentionally lumps the defendants together so as to obscure the fact he has failed to state any facts showing any particular one of the six defendants took any act that violated the FDCPA.

Nor does Plaintiff plead any facts of any concrete and particularized injury allegedly resulting from any alleged FDCPA violation, or how those damages resulted from an act, if any, by a defendant. Plaintiff has thus failed to plead an injury-in-fact, an element necessary to show Article III standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2006); *TransUnion LLC v. Ramirez,* 141 S.Ct. 2190, 2205 (2021); *Ojogwu v. Rodenburg Law Firm,* 26 F.4th 457, 465 (8th Cir. 2022)(quoting *TransUnion, supra,* at 2203, and noting plaintiff bears burden of showing a concrete injury caused by the defendant).

Instead, Plaintiff relies on legal conclusions.  He complains that the suit against him constituted an "unfair and unconscionable attempt to collect the alleged Debt." Compl. (Doc. 1), ¶ 56.  He then complains the defendants made "false statements to the underlying court" and "misrepresentations that were not only false but designed to cause further economic injury to Plaintiff to the individual and collective benefit of Defendants." *Id.* at ¶ 65. The Eighth Circuit has rejected the contention that statements to the Court in a pleading are "false, deceptive or misleading representations to the plaintiff." *See Haney,* 895 F.3d at 989; *Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814, 819-20 (8th Cir. 2012).  The Eighth Circuit has thus rejected FDCPA claims noting that statements in pleadings, including a complaint's prayer for relief, were not "false, deceptive, misleading, or unfair." *See Haney,* 895 F.3d at 989; *Hemmingsen,* 674 F.3d at 820. The Eighth Circuit noted that a good faith prayer for relief was not the sort of "abusive, deceptive, or unfair means of debt collection" that might support an

FDCPA claim. *Hemmingsen,* 674 F.3d at 818. To demonstrate the narrow facts where a suit might be actionable under § 1692e, the court offered the hypothetical that where a debt-collector lawyer routinely filed collection complaints intentionally stating falsely the amounts owed, served the collection complaints on unrepresented consumers, and then dismissed any complaint that was contested, a claim under § 1692e may exist. *Id.* The underlying lawsuit is not the sort of lawsuit that might serve as grist for a complaint under *Hemmingsen. See* Compl. Ex. A to Notice of Removal, Ex. A to Mot. to Dismiss.[2]

The Complaint is devoid of facts to support any claim against defendants Wilson, Hickman, or their law firm. Plaintiff fails to plead the facts of such (mis)representations to the Court, nor does he allege facts confirming how he responded, so that one could ascertain whether any alleged misrepresentations were material. *See Hill,* 888 F.3d at 346 (adopting materiality standard for evaluating claims under §1692e). Even if he had, the U.S. Supreme Court has noted that the fact a lawsuit is filed, even if the suit was unsuccessful, could not alone make the suit an "action that cannot legally be taken." *Heintz v. Jenkins,* 514 U.S. 291, 296-96, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The Eighth Circuit has reached the same conclusion. *Hemmingsen,* 674 F.3d at 820 (quoting *Heintz,*

---

[2] Even though Plaintiff omitted the Complaint, attached to the motion to dismiss is a copy of Plaintiff's notice of removal, which incorporates a copy of the Complaint from the underlying lawsuit. Compl., Ex. A to Notice of Removal, Case No. 4:23-cv-425-JM, Ex. A to Mot. to Dismiss. A court may consider documents necessarily embraced by the pleadings in a motion to dismiss without its conversion to a motion for summary judgment. *E.g., Noble Sys. Corp. v Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir. 2008).

*supra*). Yet, that is precisely what Plaintiff attempts to do by converting the fact he was sued into an FDCPA claim.

Even where the creditor lost the underlying suit (which here remains pending), courts have rejected similar attempts to base FDCPA claims on the filing of a collection suit, where the complaint lacked allegations that the underlying collection suit was frivolous, baseless, or filed without a good faith basis. *See, e.g., Hill v. Accounts Receivable Servs., LLC,* 888 F.3d 343, 346 (8th Cir. 2018), *cert. denied,* 139 S.Ct. 803 (2019) (holding inadequate documentation and loss of collection case did not violate FDCPA); *Eades v. Kennedy PC Law Offices,* 799 F.3d. 161, 172 (2d Cir. 2015)(holding filing suit without adequate evidence to prove plaintiff's case does not violate FDCPA); *Delisi v. Midland Funding, LLC,* Case No. 4:14CV2125-RWS, 2015 WL 4393901, *6 (E.D. Mo. July 16, 2015) (unpublished) (noting that even filing suit with the desire to obtain "a favorable judgment as inexpensively or expeditiously as possible is not improper, nor is it an FDCPA violation.").

Here, the facts of the underlying suit against Plaintiff demonstrates it was filed in good faith. The Complaint filed by his siblings alleged Plaintiff signed two notes to his father. Compl., Ex. A to Notice of Removal, Case No. 4:23-cv-425-JM, Ex. A to Mot. to Dismiss, ¶¶ 10-28 & Notes, Exs. 1–2, thereto. Copies of the notes were attached. *See id.* Plaintiff admits signing the notes and that they were related to his purchase of farmland from his father. Affidavit, Ex. B to Mot. to Dismiss, ¶¶3–8. The collection suit also attached the decedent's will, which expressly recited

obligations documented by the notes and indicated that Plaintiff may actually owe the decedent other debts. Will, Ex. 3 to Compl., Ex. A to Notice of Removal, Case No. 4:23-cv-425-JM, Ex. A to Mot. to Dismiss, ¶ 5.  Accordingly, the underlying suit against Plaintiff is a far cry from the sort of conduct that the *Hemmingsen* court suggested may be actionable. 674 F.3d at 818 (suggesting a lawyer routinely filing complaints with false amounts owed, taking defaults, but dismissing any contested suit may be actionable).

Plaintiff asserts that by filing a suit against him over promissory notes—notes that he admits under oath he signed—the defendants somehow violated the law.  Plaintiff, however, fails to allege any facts confirming standing or stating a plausible claim against Defendants Wilson and Hickman, or their law firm, Wright, Lindsey & Jennings LLP.  As a result, the Complaint should be dismissed.

**C.     Plaintiff's claims are time-barred.**

Plaintiff claims Defendants violated the FDCPA by filing the lawsuit against him. Even if he had stated a claim (which he has not), the underlying lawsuit was filed April 6, 2023. Compl., Ex. A to Notice of Removal, Case No. 4:23-cv-425-JM, Ex. A to Mot. to Dismiss, ¶ 1 & p. 1 (stamped "Filed For Record ... Apr 06 2023"). Plaintiff's Complaint in this action was filed April 8, 2024. Compl. (Doc. 1) at p. 1. As a result, the claims are time-barred.

The statute of limitations under the FDCPA states "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d).  Examining its text and the FDCPA's limitations provision having been codified under the heading

"Jurisdiction," the Eighth Circuit held the statute is jurisdictional. *See Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir. 1999) (examining AEDPA and noting "We declined to apply Rule 6(a) in *Mattson* because the statute of limitations in the FDCPA was jurisdictional, and Fed. R. Civ. P. 82 prevents the use of the Rules of Civil Procedure to extend the jurisdiction of the district courts."); *Mattson v. U.S. West Comm'ns, Inc.,* 967 F.2d 259, 261-62 (8th Cir. 1992) (dismissing suit filed 366 days after operative act, and declining to apply Fed. R. Civ. P. 6(a) to FDCPA claim). The one-year period begins to run when the alleged violation by the debt collector occurs, not when it is discovered. *See Rotkiske v. Klemm,* 589 U.S. 8,13-14, 140 S.Ct. 355, 360, 205 L.Ed. 291 (2019); *Mattson,* 967 F.2d at 261 (noting it is creditor's action that triggers running of statute). As a result, this Court held that the FDCPA's statute of limitations for claims based on the filing of a lawsuit begins to run upon the filing date of the action, not its service.[3] *See Perdido v. Midland Funding, LLC,* Case No. 4:17-cv-418, 2017 WL 4682052, *2 (E.D. Ark. Oct. 17, 2017); *Beavers v. Midland Funding, LLC,* Case No. 4:16-cv-00886-SWW, 2017 WL 2568918, *3 (E.D. Ark. Jun. 13, 2017).

Applying these cases, the statute of limitation began running with the April 6, 2023, filing of the collection lawsuit. Because this action was not filed until April 8, 2024, under the controlling Eighth Circuit authorities, this action is clearly time-

---

[3]  Even if Plaintiff contended that service of the suit, not its filing, was the operative date, his lawyer accepted service of the underlying suit on the same date. Notice of Removal, E.D. Ark. Case No. 4:23-cv-425-JM, Ex. A to Mot. to Dismiss, ¶8 & Ex. B, thereto.

barred. *See, e.g., Mattson,* 967 F.2d at 262 (dismissing FDCPA suit filed 366th day after operative event).

## IV.
## Conclusion

Plaintiff's Complaint should be dismissed. Plaintiff has failed to plead any facts to show that the debt was a "consumer debt," and has even admitted under oath the debt was an agricultural debt to which the Act does not apply. Alternatively, Plaintiff has failed to state a plausible claim for a violation of the FDCPA. His pleadings are full of the sort of conclusory legal statements or elements of the claim to which no presumptions of truth apply. Nor does his Complaint contain necessary elements of the claims he desires to bring. Finally, even if he overcame the deficiencies in his Complaint, the Complaint is still time-barred. For these reasons, defendants Wilson and Hickman and their law firm, Wright, Lindsey & Jennings, LLP, ask this Court to enter an order dismissing this action.

> Gary D. Marts, Jr. (2004116)
> Johnathan D. Horton (2002055)
> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> gmarts@wlj.com; jhorton@wlj.com
> *Attorneys for Defendants,*
> *Wright, Lindsey & Jennings LLP,*
> *Patrick D. Wilson, and*
> *Patrick Collins Hickman, Jr.*